325 F.2d 437
 NEW YORK TRAP ROCK CORPORATION, as owner of SCOWS EDWARD B.
KARR, LOUIS J. CUDAHEY and T. HARRY FEENEY,
Libellant-Appellee,
v.
TUG BROOKLYN, The Arundel Corporation, Claimant-Appellant,
and Tug Metropolitan No. 1, Met. 1, Inc.,
Claimant-Appellee.
COLONIAL SAND & STONE CO., Inc., as owner of BARGES M 37 and
M 192, Libellant-Appellee,
v.
TUG BROOKLYN, The Arundel Corporation, Claimant-Appellant,
and Tug Metropolitan No. 1, Met. 1, Inc.,
Claimant-Appellee.
The ARUNDEL CORPORATION, as owner of Tug Brooklyn, Libellant-Appellant,
v.
TUG METROPOLITAN NO. 1, Met. 1, Inc., Claimant-Appellee.
 No. 176, Docket 28396.
 United States Court of Appeals Second Circuit.
 Argued Nov. 19, 1963.
Decided Jan. 7, 1964.
 
 Thomas P. Pender, New York City (Hill, Rivkins, Louis & Warburton, New York City, on the brief), for libellant-appellee, New York Trap Rock Corp.
 John H. Hanrahan, New York City (Foley & Martin, New York City, on the brief), for appellant.
 Max Taylor, New York City (Maurice A. Krisel and Krisel, Beck & Taylor, New York City, on the brief), for appellees, Met. No. 1, Inc., and Colonial Sand & Stone Co., Inc.
 Before MEDINA, WATERMAN and MARSHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Just above the Narrows in New York harbor, in fair weather and with good visibility in the early morning of May 15, 1959 the tug Brooklyn struck the towing hawser connecting the tug Metropolitan No. 1 with the head scow of her tow of four and caused considerable damage. After a trial Judge Noonan found the Brooklyn solely at fault and dismissed on the merits the libel filed by the Brooklyn and her owner the Arundel Corporation, and they appeal.
 
 
 2
 We think it not necessary to discuss the facts in detail. None of the findings are clearly erroneous. The Metropolitan No. 1 was the privileged vessel. There is no real inconsistency in the findings. None of the alleged statutory faults on the part of the Metropolitan No. 1 contributed in the slightest degree to the collision; and we agree there was no occasion for the Metropolitan No. 1 to sound a passing signal, and that the change of course of the Brooklyn was so unexpected and unpredictable that there was no time for the Metropolitan No. 1 to sound the danger signal or reverse her engines, which could have done no more than further complicate an impossible situation, caused solely by the fault of the Brooklyn.
 
 
 3
 Affirmed.